Joseph A. CALIFANO, Jr., and Thomas D. Collins

v.

UNITED STATES.

No. 86-58.

United States Court of Claims.

March 4, 1959.

Thomas D. Collins, plaintiff, pro se. Joseph A. Califano, Jr., was on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

This case involves two separate and independent plaintiffs, but since the question presented in the claim of each of them is the same, we waive the misjoinder. The case is before us on cross-motions for summary judgment.

On June 10, 1955, plaintiff, Joseph A. Califano, Jr., enlisted in the special enlisted rate of Officer Candidate, United States Naval Reserve. On the same day he received orders to report on July 11, 1955, to the Commanding Officer, United States Naval School, Newport, Rhode Island, for a four-month indoctrination course, after which he was to be "ordered to further active duty."

On completion of his indoctrination course, he was ordered to further active duty at the same school, but in the Naval Justice branch of the school, which was located at the same place. This course lasted for a period of seven weeks.

Plaintiff Califano was on duty at the United States Naval School's Command, Newport, Rhode Island, in both the indoctrination course and the Naval Justice School, for a period of five months and five days.

Plaintiff Thomas D. Collins enlisted on November 10, 1955, and on the same day was ordered to report to the Commanding Officer, United States Naval School, Newport, Rhode Island, for a four-month indoctrination course, and after completion thereof he also was ordered to continue his studies in the Naval Justice branch of the school. He was on duty at this school at Newport, Rhode Island, in both the indoctrination course and the Naval Justice course, from November 16, 1955, to June 22, 1956, a period of seven months and six days.

Each of the plaintiffs sue for per diem allowance, on the theory that they were on temporary duty and, therefore, in a travel status, while at the United States Naval School at Newport.

Their rights thereto are determined by section 303(a) of the Career Compensation Act of 1949, 63 Stat. 813 as amended 37 U.S.C.A. § 253, and the Joint Travel Regulations issued pursuant thereto. Section 303(a) reads in part as follows:

"Under regulations prescribed by the Secretaries concerned, members of the uniformed services shall be entitled to receive travel and transportation allowances for travel performed or to be performed under competent orders (1) upon a change of permanent station, or otherwise, or when away from their designated post of duty regardless of the length of time away from such designated post of duty * * *. The respective Secretaries concerned may prescribe (1) the conditions under which travel and transportation allowances shall be authorized, including advance payment thereof, and (2) the allowances for types of travel not to exceed amounts herein authorized."

Pursuant to the authority therein given, valid Joint Travel Regulations were issued by the Secretaries of the Armed Services. We are of opinion that plaintiffs are not entitled to recover under these travel regulations.

JTR 3050, in section 1, provides that "Members are entitled to travel and transportation allowances as authorized in accordance with existing regulations, only while actually in a 'travel status'. They shall be deemed to be in a travel status while performing travel *away from their permanent duty station,* upon public business * * *." [Italics ours.] Section 2 thereof provides that "'travel status' * * * will commence with departure from permanent duty station or ship, and will include * * * travel from one permanent duty station to another permanent duty station."

When plaintiffs received their orders to report to the Officers Candidate School, they were at their homes, having just enlisted. At that time they had no "permanent duty station." Their first duty station was the Officers Candidate School. They were entitled to per diem allowance while they were traveling from their homes in Brooklyn, New York, and

Lanikai, Oahu, T.H., respectively, to Newport, Rhode Island, but after arrival at Newport they were not entitled to per diem allowance, because they were not away from their "permanent duty station." They had no duty station other than the Officers Candidate School.

Personnel are entitled to per diem allowance while away from their "permanent duty station", and at a temporary station, to reimburse them for the additional expense of maintaining quarters at their permanent station and additional quarters at their temporary station. When ordered to the Officers Candidate School plaintiffs had no permanent duty station and, therefore, were put to no extra expense in providing quarters for themselves and their families at the Officers Candidate School, which was their first duty station.

It is true that section 1 of JTR 3003 provides that a "permanent change of station" "includes the change from home or from the place from which ordered to active duty, *to first station* upon appointment, call to active duty, enlistment, or induction  *  *  *." [Italics ours.] But this only means that plaintiffs were entitled to a per diem allowance while they were traveling from Brooklyn, New York, and Lanikai, Oahu, T.H., respectively, to Newport, Rhode Island. Newport, Rhode Island, was their first duty station.

JTR 4201, which was added to the travel regulations on July 1, 1957, after plaintiffs had completed their courses of instruction at Newport, Rhode Island, clarified the right to travel allowance of newly inducted or enlisted personnel ordered to Officers Candidate Schools, prior to their reporting to their first permanent station. JTR 4201 reads in part:

"Per diem allowances are not payable for the following periods:

*     *     *     *     *     *

"12. for newly inducted or enlisted members who, prior to reporting to their first permanent station, are participating in periods of basic training, processing, indoctrination,

or instruction at places where both government quarters and subsistence are available."

We think this regulation was promulgated not to take away rights previously existing, but to clarify what was intended by the regulations in effect at the time plaintiffs were attending these schools. Under this regulation plaintiffs clearly are not entitled to a per diem allowance.

For the foregoing reasons, we must overrule plaintiffs' motion for summary judgment, and grant defendant's motion and dismiss plaintiffs' petition.

It is so ordered.

JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.